THE STATE, JAKE COHEN, PROSECUTOR, v. JONATHAN D. WATSON, OVERSEER OF THE POOR OF THE CITY OF CAMDEN.

In a proceeding under the fifth section of the act concerning disorderly persons, it must be alleged and found that the family may become chargeable to the township or city, and also that the father or husband willfully refuses or neglects to provide for and maintain his family.

On *certiorari.*

Argued at November Term, 1895, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *Schuyler C. Woodhull.*

For the defendant, *Samuel M. Roberts.*

The opinion of the court was delivered by

VAN SYCKEL, J.    This *certiorari* is prosecuted to review an order made by the recorder of Camden under section 5 of the Disorderly act (*Rev., p.* 305), as amended in *Gen. Stat., p.* 1204, § 33, requiring the prosecutor to support the infant child of Jennie Cohen.

The fifth section, as amended, provides "that any husband or father who deserts or willfully refuses or neglects to provide for and maintain his wife or other family, shall be

deemed and adjudged a disorderly person, and whenever any overseer of the poor of the township or city within which any husband or father resides, or the overseer of the poor of the place of legal settlement of such husband or father, believes that .such person does desert or willfully refuse or neglect to provide for and maintain his said family, and that by reason thereof such family may become chargeable to such township or city, it shall be his duty to make complaint thereof, under oath, before some justice of the peace in either the township or city where the said disorderly person resides, or the place of his legal settlement."

Section 14 of the act (*Gen. Stat.*, *p.* 1200) provides that if the justice decides the person charged to be guilty, he shall adjudge him to be a disorderly person, and may make an order requiring him to pay a weekly sum for the support of his family.

The return to the writ in this case shows that the recorder found that Jake Cohen was guilty of being a disorderly person, and thereupon ordered him to pay to the overseer of the poor of the city of Camden $4 per week for the support of said child, for one year.

These proceedings must be set aside for two reasons:

*First.* The recorder did not find or decide that Cohen was guilty of the charge made in the complaint against him—that is, that he neglected and willfully refused to maintain his wife or family; he only adjudged that Cohen was a disorderly person. That did not authorize him to make the order for support; he might have been a disorderly person, and yet have supported his family well.

*Second.* The recorder did not find that the family of Cohen might become chargeable to the city of Camden, and so far as appears there was no evidence to support such a finding.

This was a fatal omission under the case of *Gedney* v. *Dey,* 15 *Vroom* 576.